IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA GRADY, <br><br> Plaintiff, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> Defendant. | CIVIL ACTION <br> NO. 18-2393 |

**OPINION**

**Slomsky, J.**                                                                                                                                               May 22, 2019

**I.     INTRODUCTION**

Plaintiff Andrea Grady ("Plaintiff" or "Grady") brings this action against Defendant Portfolio Recovery Associates, LLC ("Defendant" or "PRA"), alleging that the initial debt collection letter she received from Defendant is false, deceptive, and misleading in violation of § 1692g and § 1692e of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Doc. No. 1.) Before the Court is Defendant's Motion for Summary Judgment (Doc. No. 7). Plaintiff has filed a Response in Opposition (Doc. No. 13), and Defendant has filed a Reply (Doc. No. 15). The Motion is now ripe for disposition. For the reasons that follow, the Court will deny Defendant's Motion for Summary Judgment (Doc. No. 7).

**II.     BACKGROUND**

On January 11, 2018, Defendant, a debt collector, sent Plaintiff an initial debt collection letter. (Doc. No. 7-1 ¶ 1.) The body of the letter contained the following notice provision regarding Plaintiff's rights to dispute the validity of the debt ("Validation Notice"):

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this

> debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

(Doc. No. 1 at 17.)

On May 10, 2018, Plaintiff initiated this case by filing a one-count Complaint against Defendant in the First Judicial District of Pennsylvania, Philadelphia Municipal Court, Civil Division. (Doc. No. 1 at 10-24.) In the Complaint, Plaintiff alleges that Defendant's letter violates the FDCPA for failing to: (1) effectively convey the validation notice required under 15 U.S.C. § 1692g; and (2) comply with 15 U.S.C. § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." (Id. at 12-15.)

On June 7, 2018, Defendant removed the case to this Court based on federal question jurisdiction.[1] (Doc. No. 1.) On October 16, 2018, Defendant filed the instant Motion for Summary Judgment. (Doc. No. 7.) In the Motion, Defendant argues that its Validation Notice fully complies with the FDCPA and, as such, Plaintiff's claims are "devoid of merit" and PRA is entitled to summary judgment as a matter of law. (Doc. No. 7-2 at 2.) As discussed infra, the Court is not persuaded by Defendant's argument.

## III. STANDARD OF REVIEW

Granting summary judgment is an extraordinary remedy. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the

---

[1] Federal question jurisdiction is set forth at 28 U.S.C. § 1331, which states: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is warranted in this case because Plaintiff's claims arise under the FDCPA, a federal law.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reaching this decision, the court must determine whether "the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Favata v. Seidel, 511 Fed. App'x 155, 158 (3d Cir. 2013) (quoting Azur v. Chase Bank, USA, Nat'l Ass'n, 601 F.3d 212, 216 (3d Cir. 2010)). A disputed issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). For a fact to be considered "material," it "must have the potential to alter the outcome of the case." Favata, 511 Fed. App'x at 158. Once the proponent of summary judgment "points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." Id. (quoting Azur, 601 F.3d at 216).

In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. (alteration in original) (quoting Chambers ex rel. Chambers v. Sch. Dist. of Philadelphia Bd. of Educ., 587 F.3d 176, 181 (3d Cir. 2009)). The Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. Anderson, 477 U.S. at 247-249. Whenever a factual issue arises which cannot be resolved without a credibility determination, at this stage the Court must credit the nonmoving party's evidence over that presented by the moving party. Id. at 255. If there is no factual issue, and if only one reasonable conclusion could arise from the record regarding the potential outcome under the governing law, summary judgment must be awarded in favor of the moving party. Id. at 250.

3

IV.     ANALYSIS

Congress enacted the FDCPA to protect consumers who have suffered "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C § 1692(a); Lesher v. Law Officers of Mitchell N. Kay, P.C., 650 F.3d 993, 996-97 (3d Cir. 2011). To succeed on an FDCPA claim, a plaintiff must establish that: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014).

In this case, the parties dispute only the fourth element – whether the Validation Notice violates the FDCPA. Plaintiff contends that Defendant has violated 15 U.S.C. § 1692g, the provision of the FDCPA that sets forth the requirements for an effective debt validation notice, and 15 U.S.C. § 1692e(10), the provision of the FDCPA that prohibits false or misleading statements in debt collection communications. Defendant contends that the Validation Notice it sent to Plaintiff complies with both § 1692g and § 1692e(10) of the FDCPA and moves for summary judgment on that basis. As discussed in turn below, the Court is not convinced that, as a matter of law, Defendant's Validation Notice complies with § 1692g and § 1692e(10) of the FDCPA.

A.      Section 1692g

Plaintiff argues that the letter she received from Defendant violates § 1692g of the FDCPA because it (1) fails to effectively convey to her that any dispute regarding her debt must be raised with PRA in writing, and (2) fails to clarify when the thirty-day window for disputing her debt with PRA begins and ends.[2] (Doc. No. 13 at 8-15.)

---

[2] Plaintiff argues that Validation Notice does not clarify when her thirty-day window to dispute the debt begins and ends because Defendant uses the phrase "within 30 days from receiving this notice" without defining "receiving." Plaintiff argues that receiving is capable of several different meanings such that the Notice is confusing and misleading. The Court need not reach

4

Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. Caprio v. Healthcare Recovery Group, LLC, 709 F.3d 142, 148 (3d Cir. 2013). Section 1692g(a) requires a debt collector to send a consumer a written notice, either included in their initial communication with the consumer or within five days of the initial communication, containing the following information:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5). Paragraphs 3 through 5 of § 1692g(a) comprise what is known as a "validation notice" because "the statements . . . inform the consumer how to obtain verification of the debt and that [s]he has thirty days in which to do so." Wilson v. Quadramed Corp., 225 F.3d 350, 353-54 (3d Cir. 2000). Section 1692g(a)(3), as compared to (a)(4) and (a)(5), does not contain language explicitly requiring that a debtor's dispute be made in writing. However, the Third Circuit Court of Appeals has explained that "given the entire structure of section 1692g,"

---

this argument, however, because Defendant's Motion for Summary Judgment will be denied on the grounds that the Validation Notice is capable of the interpretation that disputes submitted to PRA can be in writing or verbal.

"subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing." Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991).

Section 1692g(b) addresses the procedures to be followed once a consumer raises a debt dispute under § 1692g(a). Section 1692(b) provides that:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. . . .

15 U.S.C. § 1692g(b).

Whether a validation notice complies with § 1692g is analyzed from the perspective of the "least sophisticated debtor." Wilson, 225 F.3d at 354. The purpose of the least sophisticated debtor standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 997 (3d Cir. 2011). Even so, a "debtor is still held to a quotient of reasonableness, a basic level of understanding, and a willingness to read with care, and the debt collector accordingly cannot be held liable for bizarre or idiosyncratic interpretations." Caprio, 709 F.3d at 149.

The Third Circuit Court of Appeals has instructed that to comply with the FDCPA, a validation notice must be "effectively conveyed" to the debtor. Id. Effective conveyance requires "more . . . than the mere inclusion of the statutory" language. Id.; see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991) ("statutory notice must not only explicate a debtor's rights; it must do so effectively"). Thus, in considering whether a validation notice has been effectively conveyed to a debtor, courts will analyze whether the notice is (1) overshadowed by the form of the debt collector letter, or (2) contradicted by the substance of the debt collection letter.

6

Jewsevskyj v. Financial Recovery Servs., Inc., No. 15-3041, 2016 WL 6162728, at *4 (E.D. Pa. Oct. 20, 2016) (citing Harlan v. Transworld Systems, Inc., No. 13-5882, 2014 WL 1414508, at *5 (E.D. Pa. Apr. 14, 2014)). A validation notice is "overshadowed" or "contradicted" in a debt collection letter when the least sophisticated debtor, upon reading the letter in its entirety, would be "uncertain as to her rights" under the FDCPA to dispute her debt. Wilson, 225 F.3d at 354. "Whether language in a collection letter contradicts or overshadows the validation notice is a question of law." Wilson, 225 F.3d at 353 n.2.

>Recalled here, Defendant's Validation Notice states:

>Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

(Doc. No. 1 at 17.) Plaintiff argues the Validation Notice violates § 1692g because it does not inform her that all disputes regarding the validity of her debt must be submitted to PRA in writing. More specifically, Plaintiff argues that because the first sentence of the Validation Notice does not explicitly state that she must notify PRA of a dispute in writing, the Notice creates the false impression that she can notify PRA of a dispute either in writing or verbally. (Doc. No. 13 at 8-13.) Plaintiff argues this interpretation is further supported by the fact that Defendant uses the word "if" at the beginning of the second and third sentences. (Id.) By beginning the second and third sentences with "if," Plaintiff argues that a reasonable interpretation of the Validation Notice would be that she can notify PRA of a dispute either in writing or verbally, but that a written dispute is only required if she wants PRA to obtain verification of her debt or provide her with the

information of the original creditor. (Id.)  The Court agrees with Plaintiff that this is a reasonable interpretation of the Validation Notice.

This is not the first time a court in this district has been tasked to consider the exact arguments raised by Plaintiff and Defendant in this case.  Earlier this year, in Durnell v. Stoneleigh Recovery Associates, LLC, the court analyzed a validation notice identical to the one here and granted summary judgment to the plaintiff debtor under § 1692g upon finding that the notice failed to effectively convey that the debtor's dispute must be in writing.  No. 18-2335, 2019 WL 121197, at *4 (E.D. Pa. Jan. 7, 2019).  In Durnell, the court analyzed the first sentence of the validation notice and found that "[e]ven though Stoneleigh's validation notice mirror[ed] the language of § 1692g(a)(3)," it did "not provide a clear directive to the debtor that a dispute must be in writing." Id. at *4.  The court also considered the defendant's use of the word "if" in the second and third sentences of the notice, and explained in relevant part that:

> The remainder of the validation notice reinforces the possibility that a debtor may dispute the debt either orally or in writing by stating that <u>"if"</u> the debtor disputes the debt in writing, <u>then</u> the office will obtain verification of the debt or obtain a copy of a judgment and provide the debtor with the name and address of the original creditor.  "Reading the 'unless' and 'if' sentences together, the lease sophisticated consumer could believe that either a written or oral response is sufficient to dispute to the debt."  The least sophisticated debtor could reasonably believe that s/he could orally dispute the debt, but that <u>"if"</u> s/he wanted the office to obtain verification of the debt or obtain a copy of a judgment and provide the name and address of the original creditor, <u>then</u> s/he would have to put the request in writing.  Consequently, the least sophisticated debtor could reasonably interpret the validation notice to allow a debtor to dispute the debt either orally or in writing.

Id. at *4 (internal citations omitted) (emphases in original).

The court's approach in Durnell was recently affirmed by another decision from the district court in Henry v. Radius Global Solutions, LLC, 357 F. Supp. 3d 446 (E.D. Pa. 2019).[3] The court in Henry analyzed a validation notice identical to the Validation Notice at issue in this case and found it to be in violation of § 1692g for failing to make clear in the first sentence all disputes must be in writing pursuant to § 1692g(a)(3):

> Under the well-established law in our circuit, to be effective under Section 1692g(a)(3), a dispute of a debt must be in writing. Radius's validation notice fails to inform the reader of this requirement. We acknowledge Radius tracks the statute in its (a)(3) notice but merely tracking the statutory language is insufficient to comply with Section 1692g—the validation notice "must also be conveyed effectively to the debtor." In the second sentence containing the (a)(4) notice, Radius informed Ms. Henry what information she can obtain "if" she dispute the debt in writing: "_If_ you notify this office _in writing_ within 30 days after receiving this notice _that you dispute the validity of this debt_, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." The "least sophisticated debtor" could reasonably interpret this language to mean she can effectively dispute the debt orally, despite our Court of Appeals in Graziano foreclosing this option. Radius argues the use of "if" implies a condition rather than an option. While this may be true, we cannot rule out the possibility the "least sophisticated debtor" might interpret "if" to imply two options—she can dispute the debt either orally or in writing. A validation notice violates the Act when the "least sophisticated debtor" could read the notice "to have two or more different meanings, one of which is inaccurate."

357 F. Supp. 3d at 457-58 (internal citations omitted) (emphasis in original).

Finally, outside this district, the court in Cadillo v. Stoneleigh Recovery Associates, LLC, analyzed a validation notice identical to the one sent to Plaintiff in this case and held that the notice did not adequately inform the debtor that all disputes must be submitted to the debt collector in

---

[3] The Court recognizes that the decision in Henry arose on a motion to dismiss as opposed to a motion for summary judgment. Even so, the analysis in Henry is relevant to the Court's analysis in this case.

9

writing. No. 17-7472-SDW-SCM, 2019 WL 1091391 (D.N.J. Mar. 8, 2019).[4] Notably, however, the court in Cadillo acknowledged that not all district courts in this Circuit have come to the same conclusion. The court in Cadillo cited district court decisions from this Circuit in which courts have held that similar validation notices complied with the FDCPA:

> Borozan v. Fin. Recovery Servs., Inc., Civ. No. 17-11542, 2018 WL 3085217, at *6 (D.N.J. June 22, 2018) (holding that a nearly identical debt collection letter "provides explicit instructions on how to dispute the debt" because the first sentence "informs the consumer the consequences if he or she fails to dispute the debt" and "the second sentence provides instructions on how to dispute the debt and the effect of disputing a debt"); Velez v. Cont'l Serv. Grp., Civ. No. 17-2372, 2018 WL 1621625, at *6 (M.D. Pa. Apr. 4, 2018) (finding the validation notice "facially acceptable"); Max v. Gordon & Weinberg P.C., Civ. No. 15-2202, 2016 WL 465290, at *3 (D.N.J. Feb. 8, 2016) (stating that even if the first sentence of the notice was unclear, "the remainder of the letter makes it clear that the consumer's dispute must be made in writing to constitute a valid challenge"); Hernandez v. Mercantile Adjustment Bureau, LLC, Civ. No. 13-843, 2013 WL 6178594, at *2 (D.N.J. Nov. 22, 2013) (finding that the sentences starting with "if" operate to modify the first sentence and as such, the least sophisticated debtor would understand that he must dispute the debt in writing); Hillman v. NCO Fin. Sys., Inc., Civ. No. 13-2128, 2013 WL 5356858, at *3 (E.D. Pa. Sept. 25, 2013) (finding that "[t]he first sentence informs the consumer that the office will assume the dispute is valid unless he or she notifies the office of a dispute within thirty days. Even the least sophisticated consumer would understand that notification referred to in the second sentence pertains to the notification of a dispute described in the first").

Id. at *4. Despite these decisions, however, the Cadillo court found that the validation notice sent to the plaintiff did not effectively convey her rights. The court explained:

> . . . this Court remains satisfied that, although Defendant's collection letter puts the least sophisticated debtor on notice of her right to dispute the debt by stating, "Unless you notify this office within thirty (30) days after receiving this notice that

---

[4] The court in Cadillo certified its decision for interlocutory appeal. Consequently, on March 18, 2019, the defendant in Cadillo filed a Petition for Permission to Appeal in the Third Circuit Court of Appeals. See Petition for Permission to Appeal, pursuant to 28 U.S.C. § 1292(b) and Fed. R. Civ. P. 5, from the Order Denying Summary Judgment, Certified for Interlocutory Appeal by Permission on March 8, 2019 by the Honorable Susan D. Wigenton in Civil Action No. 2:17-cv-07472, pending in the United States District Court for the District of New Jersey, Stoneleigh Recovery Associates, LLC v. Cadillo, No. 19-8008 (3d Cir. Mar. 18, 2019). To date, the Petition for Permission to Appeal is still pending.

you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid," . . . it does not adequately inform her that she must do so in writing. Rather, the first sentence merely informs her of the timeframe in which she may contest the debt; it does not clearly indicate that her dispute must be written. Nor do the two sentences that follow clearly establish that requirement. Instead, the subsequent sentences can be read in two distinct ways. First, they could be understood to modify the first sentence, such that the least sophisticated debtor would be on notice that she must memorialize her dispute in writing. . . . Alternatively, those sentences could be read to present a consumer with two independent options to obtain additional information about the alleged debt – options that are separate and apart from the obligation to dispute the debt itself.

Id. at *5.

In this case, Plaintiff received a Validation Notice identical to the notices received by the plaintiffs in Durnell, Henry, and Cadillo. Consequently, the Court finds that the Validation Notice is flawed for the same reasons. The primary flaw is that the first sentence of the Validation Notice does not explicitly inform Plaintiff that she must raise all disputes regarding her debt with PRA in writing. Defendant argues this is a non-issue because the first sentence of the Validation Notice tracks, verbatim, the statutory language of § 1692g(a)(3). (Doc. No. 7-2.) Because § 1692g(a)(3) does not include the words "in writing," Defendant argues that it cannot be held liable for omitting those words from the first sentence of its Validation Notice. (Id.) While Defendant is correct that its Validation Notice tracks the language of § 1692g(a)(3), it is well-established that mirroring statutory language is not enough to ensure FDCPA compliance. The problem with the first sentence of Defendant's Validation Notice is that, despite mirroring the statue, it leaves open the possibility that a consumer can notify PRA of a dispute verbally, a method expressly prohibited by the Third Circuit Court of Appeals. Graziano, 950 F.2d at 112.

The Validation Notice is also flawed by Defendant's use of the word "if" in the second and third sentences. As previously explained, the first sentence of the Validation Notice, read in conjunction with the second and third "if" sentences, can lead the least sophisticated debtor to the

11

reasonable yet erroneous interpretation that disputes can be made to PRA either in writing or verbally, but that a written dispute is required only if the debtor wants verification of their debt, a copy of the judgment, or information from PRA regarding the name/address of their original creditor.  This potential interpretation is the reason why the Court cannot say that as a matter of law, the Validation Notice effectively conveys a consumer's rights to the least sophisticated debtor.

Moreover, although other district courts have held that a validation notice like the one in this case complies with the FDCPA, this Court agrees with the court in Cadillo that "if federal judges 'have divided on the best reading' of this validation notice, "then surely the least sophisticated debtor would be similarly confused." 2019 WL 1091391, at *5 (quoting Guzman v. HOVG, LLC, 340 F. Supp. 3d 526, 532 (E.D. Pa. 2018)).  Accordingly, the Court will deny Defendant's Motion for Summary Judgment as to Plaintiff's § 1692g claim.

**B.     Section 1692e**

Defendant also moves for summary judgment as to Plaintiff's claim that the Validation Notice violates § 1692e.  For the reasons already explained with respect to § 1692g, Defendant is also not entitled to summary judgment on Plaintiff's claims under § 1692e.

 Section 1692e states that: "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  Section 1692e(10) specifically prohibits a debt collector from "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).  "When allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." Caprio, 709 F.3d at 155.

Here, Plaintiff alleges that the Validation Notice violates § 1692e(10) for the same reasons and theories she claims the Validation Notice violates § 1692g. (Doc. No. 13 at 15.)  Plaintiff

argues the Validation Notice is deceptive in violation of § 1692e(10) because it is capable of multiple interpretations, one of which – that a dispute can be made to Defendant verbally – is inaccurate. (Id.) Because the Court has already determined that the Validation Notice does not, as a matter of law, comply with § 1692g, it follows that the Validation Notice also does not, as a matter of law, comply § 1692e(10). For this reason, Defendant's Motion for Summary Judgment as to Plaintiff's § 1692e claim will be denied.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. No. 7) will be denied. An appropriate Order follows.